GEORGIA CASUALTY COMPANY *v.* PALMER, receiver.

PER CURIAM. 1. The relief granted upon prayers contained in the answer of the respondent was of such a character that it could not be granted except after final hearing, which could not be had in vacation except upon order passed in term time. *Booth* v. *State of Georgia*, 131 *Ga.* 750 (63 S. E. 502).

2. Under the facts it was error to grant the injunction upon the terms stated in the order.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*

MARCH 1, 1917.

Injunction. Before Judge George. Crisp superior court. March 10, 1916.

On April 11, 1914, the Farmers State Bank of Cordele (hereinafter called the Cordele Bank) made and delivered its promissory note, due November 10, 1914, to the Mutual Alliance Trust Company of New York (hereinafter called the Trust Company), for $5,000, together with certain collateral notes given to secure payment of the principal debt. On January 29, 1915, the Cordele Bank gave to the Macon National Bank (hereinafter called the Macon Bank) for a loan its promissory note for $6,500, due ninety days after date. This was also secured by certain collateral notes described in the memorandum attached to the principal note. On March 1, 1915, the Cordele Bank, being indebted in the sum of $21,500 to the Georgia Casualty Company (hereinafter called the Casualty Company), executed its written transfer to the Casualty Company of whatever equities the bank had in the collateral notes placed with the Trust Company and the Macon Bank to secure the indebtedness of these two creditors. No delivery was made, as the collateral was in the possession of the Trust Company and the Macon Bank. On March 17, 1915, the Cordele Bank was adjudged insolvent, and B. H. Palmer was appointed its receiver. He qualified, and has continued to act as its receiver since that time. Subsequently the Macon Bank paid off the debt owing to the Trust Company and took a transfer of the $5,000 note given by the Cordele Bank to the Trust Company. The Casualty Company stipulated in a written agreement that it would not only repay to the Macon Bank the money thus advanced, provided the collections from the collateral obtained did not reimburse the said bank by November 1, 1915, but also that it would pay the $6,500 note which had been executed by the Cordele Bank to the Macon Bank, provided the collection

of the said collateral had not at the above date satisfied this note also. After obtaining possession of all of the collateral hereinbefore referred to, the Macon Bank entered into a written argreement with B. H. Palmer as receiver of the Cordele Bank, whereby he became agent of the bank for the purpose of collecting these collateral notes. This agreement was approved in writing by M. M. Eakes as attorney for B. H. Palmer, by W. E. Small as President of the Casualty Company, and by the judge of the superior court under whose order Palmer was appointed and was acting as receiver. In a receipt for the collateral, Palmer, receiver of the Cordele Bank, stipulated that he had agreed to collect the collateral for the Macon Bank, "as its agent, and to remit the proceeds of all paper to said bank as collected, and to return to said bank all papers which are uncollected whenever the same may be called for by said bank; all of said paper, and the proceeds thereof when collected, being held in trust for said bank by the undersigned." Palmer succeeded in collecting but little of the collateral. Pursuant to the contract the Casualty Company had to pay the Macon Bank the balance due on the Trust Company note and the Macon Bank note. This payment was made on January 15, 1916, and amounted to $9,385. About November 1, 1915, the Macon Bank requested Palmer to return to it all the collateral. He returned a part of it, which is now in the possession of the Casualty Company, but a part of it he did not return, he having placed it in the hands of an attorney for the purpose of suit. Subsequently the part which Palmer had not returned was delivered back to him by the attorney who held it, but Palmer refused to deliver it to the Casualty Company after demand. The Casualty Company filed its petition to the judge of the superior court of Crisp county, and prayed that the receiver be required by order of the court to deliver to petitioner the collateral in his hands, received by him under the circumstances set forth above. The receiver filed his answer, contesting the validity of the transfer of the collateral to the Casualty Company, and insisting that the contract of pledge between the Cordele Bank and the Trust Company, and that between the Cordele Bank and the Macon Bank should be declared null and void, for the reason that it was not authorized by the governing board of directors of the Cordele Bank and was made without legal authority on the part of the officer making the same. He

prayed, that the contract of the Cordele Bank made and executed to the Casualty Company on March 1, 1915, purporting to create a second pledge of all the collateral securities previously placed, as above stated, with the Macon Bank and the Trust Company, be delivered up by the Casualty Company and be canceled as void; that the receiver be confirmed in possession of such collateral as he then held; and that the Casualty Company be directed and required to deliver to the receiver of the Cordele Bank the notes and choses in action which it then held, the same to be held by the receiver as a part of the assets of the Cordele Bank. The receiver also prayed for injunction restraining the Casualty Company from in any way interfering with the receiver in the handling of the collateral; also for injunction restraining the Casualty Company from proceeding with the enforcement of its claims. At the interlocutory hearing the court passed an order directing the receiver to pay or offer to pay to the Casualty Company the amount due for the original claim of the Trust Company and that of the Macon Bank, conditioned, however, that the Casualty Company deliver over to the receiver all the collateral previously hypothecated as described above. This order also restrained the Casualty Company from collecting any of the notes due on any such collateral, and from selling or transferring any of the same, and from in any way interfering with the receiver of the Cordele Bank in his administration of the assets of the defunct bank; and restrained the Casualty Company, after the payment or offer to pay as directed in the order, from holding or keeping possession of any of the said described securities or funds arising therefrom. The Casualty Company excepted to this judgment, insisting that it was error to impose the conditions set forth in the order of the court; that it was not competent for the court to grant such an order at an interlocutory hearing; and that it was entitled to unconditional return of all of the collateral securities sought to be recovered.

P. F. Brock, for plaintiff in error.   M. M. Eakes, contra.